IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:22-MJ-141 |
| | ) |
| JONATHAN PETER MILLER, | ) |
| | ) |
| *Defendant*. | ) |

## PROTECTIVE ORDER

In accordance with Federal Rule of Criminal Procedure 1 (d) (Discovery and Inspection) and 1 U.S.C. 3 09(d) (The Child Victims and Child Witnesses Rights Act) and 3771(a) (The Crime Victims Rights Act), and upon the request of the Parties, the Court hereby enters the following protective order:

1. The United States has obtained a criminal complaint charging the Defendant, Jonathan Peter Miller, with receipt of child pornography, in violation of 1 U.S.C. 22 2(a)(2) and (b)(1).

2. In order for the United States to produce discovery materials pursuant to Rule 1 of the Federal Rules of Criminal Procedure, while at the same time avoiding the unauthori ed dissemination of images of children or information that identifies or could be used to identify a child victim or witness (hereinafter, Sensitive Information ), the Parties have as ed the Court to enter this Protective Order. This Protective Order is designed to protect Sensitive Information from inadvertent or unauthori ed disclosure, which the United States believes could violate 1 U.S.C. 3 09(d) and 3771(a).

3. Title 1 , U.S. Code, Section 3 09(d) states as follows:

d Priva ro e ion

1

**Con iden iali   o in or   a ion**   A  A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--

    i   eep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to   now their contents has access  and

    ii  disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to   now such information.

Subparagraph (A) applies to--

    i  all employees of the    overnment connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the    overnment to provide assistance in the proceeding

    ii  employees of the court

    iii  the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding  and

    iv  members of the jury.

**Filin    nder seal**  --All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who ma  es the filing shall submit to the cler   of the court--

    A  the complete paper to be   ept under seal  and

    the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

**Pro e  ive orders**   A  On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

A protective order issued under subparagraph (A) may--

    i  provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be ta  en in a closed courtroom  and

       ii provide for any other measures that may be necessary to protect the privacy of the child.

  **Disclosure in or a ion** --This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

  4. Title 1 , U.S. Code, Section 403 states that  a  nowing or intentional violation of the privacy protection accorded by section 3 09 of this title is a criminal contempt punishable by not more than one year s imprisonment, or a fine under this title, or both.

  . Title 1 , U.S. Code, Section 3771(a)( ) states that  a  crime victim has the following rights:    The right to be treated with fairness and with respect for the victim s dignity and privacy.

  . This Protective Order applies to all Discovery. For the purposes of this Protective Order, the term  Discovery  refers to any written documentation, electronic data, video or audio recordings, or any other materials provided by the United States to the Defense Team (as defined below) in connection with this case, including any copies that might be made of such materials.

  7. For the purposes of this Protective Order, the term  Defense Team  refers to (1) the Defendant, (2) the Defendant s counsel, Lauren E.S. Rosen, and any attorneys or employees of the Federal Public Defender s Office assigned to wor  on this matter, and (3) any other defense paralegals, assistants, investigators, employees, experts, translators, or third-party contractors hired by Defendant s counsel to assist with this case.   Defense Team  includes any subsequent counsel of record, should current counsel of record be relieved from this matter or should other or additional counsel be added to the Court s doc et.   Defense Team  does not include any member of the Defendant s family.

  . For the purposes of this Protective Order, the term  Sensitive Information  includes any minor victim or witness s (1) name, (2) school, (3) social media names, handles, or user IDs,

(4) home address, ( ) birth date, ( ) photographs or visual depictions, and (7) any other information required to be redacted by Federal Rule of Criminal Procedure 49.1(a).  Sensitive Information also includes property or material that constitute child pornography, which will remain in the care, custody, and control of the United States and will not be produced to the Defense Team, but will be made reasonably available to the Defense Team.

9. The Defense Team shall maintain all Sensitive Information (or, in the case of property or material constituting child pornography made available for review, access such Sensitive Information) in a manner consistent with the terms of this Protective Order.  Discovery produced to the Defense Team, regardless of form, shall be stored by the Defense Team in a secure manner in defense counsel s offices or in the offices of any co-counsel or subsequent counsel of record.

10. Any Sensitive Information that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court, under 1  U.S.C.  3 09(d).  Any publicly filed or disseminated documents that refer to any minor victim or witness shall do so by a generic name, such as  Minor 1.

11. The Defense Team is prohibited from directly or indirectly providing access to, or otherwise disclosing the substance of, Sensitive Information to anyone not wor ing on the defense of this case.  Notwithstanding any other provision of this Protective Order, no Discovery may be left with or given to the Defendant outside the presence and supervision of another member of the Defense Team.

12. The Defense Team shall use Discovery and Sensitive Information only for the preparation and litigation of this matter, and for no other purpose.  Litigation of this matter includes all pretrial, trial, and post-trial proceedings in this Court, any appeals, and any motion filed by the

Defendant under 2 U.S.C. 22 (including any appeals of the disposition of such a motion). Upon the final disposition of this case, any materials designated subject to the protective order shall not be used, in any way, in any other matter, absent a court order. All Discovery shall remain subject to this Protective Order unless and until this Order is modified by the Court. Upon the conclusion of any appellate or post-conviction proceedings, and upon the consent of Defendant, the Defense team shall either (1) return all Discovery to the United States Attorney s Office for the Eastern District of Virginia, or (2) destroy all Discovery and certify to the United States Attorney s Office that it has been destroyed.

13. Counsel for Defendant represents that she has discussed this Protective Order with her client, who agrees to be bound by all its terms. Defendant and his counsel are required to give a copy of this Protective Order to all individuals engaged or consulted by defense counsel to assist in this case.

14. By agreeing to the entry of this Protective Order, Defendant and the Defense Team do not concede  and expressly reserve the right to contest  that any of the United States  allegations against the Defendant are true or that any of Defendant s actions would have resulted in any person becoming a victim.

Date:   7/29/2022
        Alexandria, Virginia

*William E. Fitzpatrick*
William E. Fitzpatrick
United States Magistrate Judge

WE AS  FOR THIS:

    Jessica D. Aber
    United States Attorney


By:      /s/
    Rachel L. Rothberg
    Special Assistant United States Attorney (LT)
    Laura D. Withers
    Assistant United States Attorney


SEEN AND A  REED:

    Lauren E.S. Rosen, Esq.
    Counsel for the Defendant