## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**



| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:22-CR-151 |
| v. | <u>Count 1</u>: 18 U.S.C. § 2252(a)(2) & (b)(1) Receipt of Child Pornography |
| JONATHAN PETER MILLER, | |
| *Defendant*. | <u>Count 2</u>: 18 U.S.C. § 2252(a)(4)(B) & (b)(2) Access with Intent to View Child Pornography |
| | <u>Forfeiture Notice</u> |

## <u>INDICTMENT</u>

August 2022 Term – at Alexandria, Virginia

### COUNT ONE
### (Receipt of Child Pornography)

THE GRAND JURY CHARGES THAT:

From on or about April 13, 2022, through on or about April 22, 2022, within the Eastern District of Virginia, the defendant, JONATHAN PETER MILLER, knowingly received and attempted to receive one or more visual depictions using a means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which have been so shipped and transported, by any means, including by computer; the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct, namely: visual depictions of minors engaged in sexually explicit conduct that MILLER received

and attempted to receive via the internet using a Samsung cellular telephone (IMEI 350207639951257).

(In violation of Title 18, U.S. Code, Section 2252(a)(2) & (b)(1).)

## COUNT TWO
### (Access with Intent to View Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

From on or about April 13, 2022, through on or about April 22, 2022, within the Eastern District of Virginia, the defendant, JONATHAN PETER MILLER, knowingly accessed with intent to view and attempted to access with intent to view at least one matter containing one or more visual depictions that had been shipped and transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which had been so shipped and transported, by any means, including by computer, that is, a Samsung cellular telephone (IMEI 350207639951257); and the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct.

It is further alleged that at least one visual depiction involved in the offense involved a prepubescent minor, and a minor who had not attained 12 years of age.

(In violation of Title 18, U.S. Code, Section 2252(a)(4)(B) & (b)(2).)

3

## PRIOR CONVICTION ALLEGATION

Pursuant to Title 18, United States Code, Section 2252(b), it is further alleged that prior to committing the offenses charged in this Indictment, the defendant, JONATHAN PETER MILLER, was convicted under the law of the Commonwealth of Virginia relating to the possession of child pornography; that is, the defendant was convicted in the Circuit Court of Fairfax County, on February 22, 2013, in Case No. FE-2012-1124, of possession of child pornography, in violation of § 18.2-374.1:1 of the Code of Virginia.

4

## FORFEITURE NOTICE

THE GRAND JURY HEREBY FINDS THAT:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant, JONATHAN PETER MILLER, is hereby notified that, if convicted of any Count of this Indictment, MILLER shall forfeit to the United States, pursuant to Title 18, U.S. Code, Section 2253(a), the following property as part of the sentencing:

a.      any visual depiction described in Title 18, U.S. Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18 of the U.S. Code;

b.      any property, real or personal, used or intended to be used to commit or to promote the commission of Counts 1 or 2 of this Indictment, or any property traceable to such property; and

c.      any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the commission of Counts 1 or 2 of this Indictment.

(CONTINUED ON NEXT PAGE)

2.      The property subject to forfeiture includes, but is not limited to, a Samsung cellular telephone (IMEI 350207639951257).

3.      If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, U.S. Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, U.S. Code, Section 2253;
Title 21, U.S. Code, Section 853(p); and Fed. R. Crim P. 32.2.)

A TRUE BILL

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By:   *Rachel L. Rothberg*   _____
Rachel L. Rothberg
Special Assistant United States Attorney (LT)
Laura D. Withers
Assistant United States Attorney