IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**



UNITED STATES OF AMERICA

v.

JONATHAN PETER MILLER,

*Defendant.*

Case No. 1:22-CR-151

The Honorable Patricia T. Giles

## STATEMENT OF FACTS

The United States and the defendant, JONATHAN PETER MILLER, agree that the United States would have proven at trial beyond a reasonable doubt and with admissible and credible evidence that, from on or about April 13, 2022 through on or about April 22, 2022, within the Eastern District of Virginia and elsewhere, the defendant used a means or facility of interstate or foreign commerce to knowingly receive and attempt to receive at least one visual depiction of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(1) & (2), the production of which involved the use of a minor engaging in such conduct.

The United States and the defendant further agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1.      From at least on or about April 13, 2022 through on or about April 22, 2022, the defendant, using his Samsung cellular telephone (IMEI 350207639951257), accessed the internet via Google Chrome and other web browsers with the intent to view child pornography.[1]   The

---

[1]  As used herein, "child pornography" is defined, in relevant part, as "any visual depiction . . . of

defendant accessed various child pornography websites using the internet, viewed child pornography on those sites, and repeatedly received child pornography onto his device during that time period.

2.     Prior to committing the offenses charged in the Indictment, the defendant was convicted under the laws of the Commonwealth of Virginia relating to the possession of child pornography; that is, the defendant was convicted in the Circuit Court of Fairfax County, on February 22, 2013, in Case No. FE 2012-1124, of possession of child pornography, in violation of § 18.2 374.1:1 of the Code of Virginia.   The defendant admits that this prior conviction constitutes a prior conviction under the laws of a State relating to the possession of child pornography pursuant to Title 18, United States Code, Section 2252(b)(1).

3.     On April 22, 2022, the defendant received a home visit from his Virginia Department of Corrections Probation Officer.   At the time, the defendant was under supervision for multiple convictions, including a term for a prior conviction of possession of child pornography, as detailed in Paragraph 2.

4.     When the Probation Officer visited the defendant's residence, located within the Eastern District of Virginia, the Officer saw an unregistered device[2] on the defendant's bedside table: a Samsung telephone with smartphone capabilities (IMEI 350207639951257) (hereinafter, "the device").   The defendant admitted this was his device that he had purchased on April 13, 2022. He further gave the Probation Officer oral consent to search his device and provided the

---

sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."  *See* 18 U.S.C. § 2256(8).

[2] As part of his probation conditions, the defendant was not allowed to possess any device without registering it with his Probation Officer; nor could he access the internet without prior approval from his Probation Officer and the installation of monitoring software.  The defendant had not obtained such approval or installed any monitoring software on the device, which he had not registered.

code necessary to unlock it. Upon opening the phone, the Probation Officer saw open internet tabs that contained child pornography.

5. Fairfax County Police Department (FCPD) responded to the defendant's residence, and the defendant voluntarily agreed to speak with FCPD detectives. During the audio-recorded interview, the defendant gave FCPD oral consent to search the device. In the device's Google Chrome browser, FCPD observed numerous open internet tabs, all of which displayed child pornography.

6. During the interview, the defendant stated that he is the only individual with access to the phone and that he knows the pin code to access the phone. The defendant indicated he had possessed the phone for two weeks but that he could not afford to pay for the monitoring of the device, as required by the terms of his supervision. The defendant stated that he was interested in "taboo" pornography and was looking for something "different." He also admitted to having viewed child pornography in the past two weeks.

7. After the interview concluded, the device was seized pursuant to a probation violation warrant. The device was manufactured outside of the Commonwealth of Virginia, and thus had, at the time of the seizure, been shipped or transported in interstate or foreign commerce.

8. A search warrant was later executed on the device, and a digital forensic extraction was completed using Cellebrite. The digital forensic analysis revealed that the device contained more than 60 open internet tabs in the Google Chrome application. Each of these open tabs contained at least one image file of child pornography, and some of the internet tabs had been open for multiple days on the device. Among the depictions of minors engaging in sexually explicit conduct within the files were depictions of prepubescent minors and minors who had not attained the age of 12 years, depictions of sadistic or masochistic conduct, and depictions of the sexual

3

abuse and exploitation of a toddler.   Examples include an infant performing oral sex on an adult male, an adult male vaginally penetrating a toddler with his penis, an adult male anally penetrating a prepubescent female with his penis, and a prepubescent female whose wrists are bound with rope and who is performing oral sex on an adult male.

9.      Many images contained in the open internet tabs on Google Chrome were also located in the Google Chrome "cache" folder. In total, over 200 images of child pornography were contained in the cache folder.

10.      Moreover, between April 13, 2022 and April 22, 2022, the defendant repeatedly searched for websites containing child pornography using keywords commonly used by individuals seeking such content on the internet. The defendant also repeatedly visited websites with titles indicative of child pornography.

11.      In particular, on April 18, 2022, the defendant accessed the website titled, in part, "xxx.com."   The web page contained multiple different GIFs or animations depicting minors engaged in sexually explicit conduct, as well as links to download MP4 video files below the GIF previews.   Hours later, the defendant returned to the site—which he kept open on his phone—and clicked on the download link underneath one of the GIF previews titled, in part, "Download...Dolly_Little."   The GIF video preview depicted a nude adult male engaged in sexual intercourse with a nude minor female. Once the defendant clicked on the link below the video preview, the defendant was then directed to a separate website where he could choose to download that "Dolly" video for free or pay for a premium download.

                              *   *   *   *   *

12.      This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States.   It does not include each and every fact

known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

13.     The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: October 26, 2022            By:   _Ruchl    Ro_____

Rachel L. Rothberg
Special Assistant United States Attorney (LT)
Laura D. Withers
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JONATHAN PETER MILLER, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JONATHAN PETER MILLER

I am Lauren E.S. Rosen, the defendant's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Lauren E.S. Rosen, Esq.
Attorney for JONATHAN PETER MILLER

6