IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:22-CR-151 |
| | ) | |
| JONATHAN PETER MILLER, | ) | The Honorable Patricia T. Giles |
| | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

### UNITED STATES' MOTION FOR ENTRY OF RESTITUTION ORDER

On October 26, 2022, the defendant, Jonathan Peter Miller, pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Dkt. Nos. 28-30. The defendant agreed, as part of his written plea agreement, to entry of a Restitution Order for the full amount of the victims' losses. *See* Dkt. No. 28, at 7-8. The defendant was sentenced by this Court on February 23, 2023, at which time the Court deferred the determination and imposition of restitution pursuant to 18 U.S.C. § 3664(d)(5). *See* Dkt. No. 44, at 6.

The parties have conferred and reviewed relevant documentation, and jointly agree that the monetary amounts in the attached Restitution Order would be appropriately entered in this matter pursuant to *Paroline v. United States*, 572 U.S. 434 (2014) and 18 U.S.C. § 2259. Defense counsel, however, has noted objections to the percentage of income amount contained within Paragraph 7 and the language regarding the Prisons' Inmate Financial Responsibility Program (IFRP) contained within Paragraph 6.

Specifically, defense counsel seeks the removal of Paragraph 6, and the insertion of the following language: "No restitution shall be collected through the inmate financial responsibility program." Defense counsel notes concerns with possible changes to the IFRP and its effect on

1

the defendant if he were forced to participate. Defense counsel suggests that under a new proposed rule, the Bureau of Prisons (BOP) would have the ability to seize a greater percentage of the defendant's money and leave the defendant without necessary resources. According to counsel, the proposed amendment to Paragraph 6 would solve this issue by removing restitution enforcement from the Bureau of Prisons (BOP) and leaving it to the sole power of the government.

The government objects to this proposed amendment. As an initial matter, the proposed amendment is flatly inconsistent with his obligations under the plea agreement. *See* Dkt. 28, at 6. ("If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments."). In his plea agreement, the defendant acknowledged that "pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613." *Id.* Specifically, 18 U.S.C. § 3613(c) provides that upon entry of a restitution order, a lien arises in favor of the government on all property and rights to property of the restitution debtor in the same manner as a federal tax lien. Likewise, 18 U.S.C. § 3613(a) provides that the restitution order is enforceable against all property and rights to property of the defendant, in the same manner as a federal tax lien, with only very narrow exceptions not applicable here. Finally, the Crime Victims' Rights Act provides that victims have the right to full and timely restitution. 18 U.S.C. § 3771(a)(6). The defendant's proposed amendment fails to satisfy the defendant's obligations above.

Even if the defendant's proposed language was not prohibited by the plain terms of his plea agreement, this Court should nonetheless reject it. The proposed language runs counter to 28 C.F.R. §545.11, which provides that when an inmate has a financial obligation, "unit staff *shall* help that inmate develop a financial plan," subject to the other restrictions in the regulation. (Emphasis added). The regulation provides that BOP cannot take all of the inmate's money in his inmate trust account. *See* 28 C.F.R. § 545.11(b). Thus, defense counsel's concerns are unfounded.

Accordingly, the United States respectfully requests that the Court either enter the proposed order or, alternatively, set a hearing to resolve the outstanding issues in this matter. If the Court is inclined to set a hearing, the U.S. Marshals will need at least 30 days to transport the defendant from his final designated institution.

                Respectfully submitted,

                Jessica D. Aber
                United States Attorney

Date: May 1, 2023

                /s/
                Rachel L. Rothberg
                Special Assistant United States Attorney (LT)
                Laura D. Withers
                Assistant United States Attorney
                United States Attorney's Office
                Eastern District of Virginia
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Phone: (703) 299-3700
                Email: Rachel.Rothberg2@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 1, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing (NEF) and caused the NEF to be served electronically upon all counsel of record.

By:    /s/
Rachel L. Rothberg
Special Assistant U.S. Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: Rachel.Rothberg2@usdoj.gov