IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:22-CR-151 |
| | ) | |
| Jonathan Peter Miller | ) | Hon. Patricia Tolliver Giles |
| Defendant. | ) | |
| _____ | ) | |

<u>MR. MILLER'S RESPONSE TO THE GOVERNMENT'S MOTION FOR ENTRY OF A RESTITUTION ORDER</u>

Mr. Miller, through counsel, submits this response to the government's motion for entry of a restitution order. *See* ECF No. 46. As noted in the government's motion, the parties agree as to the amount of restitution, and the majority of the language in the proposed restitution order. In discussions with the government, Mr. Miller sought agreement to two changes in the language of the government's proposed order that remain unresolved. First, he sought to eliminate the clause in paragraph 7 of the proposed restitution order that would require him to pay 20% of his income towards restitution, if that is ever higher than the agreed upon $75 a month. Second, he asked the government to include language in paragraph 6 of the proposed order, specifically language that would not limit the government's authority pursuant to 18 U.S.C § 3572, 3613, and 3664, but which aimed to protect Mr. Miller against a proposed change to the Bureau of Prisons ("BOP") Inmate Financial Responsibility Program

1

("IFRP") that, if passed, could result in the BOP taking 75% of Mr. Miller's commissary account to satisfy outstanding court costs and restitution.[1]

While not agreeing with the government about the merits of his second request (for a change to paragraph 6), which are set out in the government's Motion for Entry of Restitution Order, ECF No. 46, Mr. Miller does not make this request to the Court. Thus, he respectfully makes only one request of the Court: that the Court eliminate the percentage of income clause in paragraph 7 of the government's proposed restitution order.[2] Exhibit 1 reflects the only edit Mr. Miller seeks.

Introduction

On February 23, 2023, the Court sentenced Mr. Miller to a 15 year prison term to be followed by a 20 year term of supervised release. ECF 41. As Mr. Miller is and will continue to remain indigent, the Court did not impose any fines or special assessments, other than the mandatory special assessment under 18 U.S.C. § 3013(a)(2)(A). ECF 41. Since sentencing, the parties have agreed that $22,000 is due in restitution to 7 individuals.

As outlined in the Pre-Sentence Report ("PSR"), prior to his arrest and incarceration, Mr. Miller worked at various thrift stores, earning between $11 and $13.50 an hour. ECF 40 at 23. History has demonstrated that finding long-term and

---

[1] *See* the Bureau of Prisons Proposed Rule, issued Jan. 10, 2023, available at Federal Register :: Inmate Financial Responsibility Program: Procedures (last visited May 12, 2023) ("("ii) *Allotment of non-institution (community) resources.* An inmate will be expected to allot 75% of deposits placed in the inmate's commissary account by non-institution (community) sources to the IFRP payment process."

[2] The government's Motion, ECF No. 46, only sets forth grounds for the government's objection to Mr. Miller's second request (regarding paragraph 6).

well-paid employment is difficult for Mr. Miller due to his status as a registered sex offender, and his lack of stable housing. ECF 40 at 23. Mr. Miller owns no property, and has no assets other than a small bank account controlled by his sister. ECF 40 at 23-24. Mr. Miller, who is now 44 years old, is serving his sentence at the Hazelton Federal Correctional Institution.[3]

Argument

A. Legal Background.

Restitution is mandatory in this case and must be ordered regardless of the economic circumstances of the defendant. 18 U.S.C.A. § 2259. However, section 3664, which outlines the procedures for issuance and enforcement of restitution orders, directs courts to consider a defendant's economic circumstance. Specifically, when crafting a restitution order and imposing a payment schedule, courts should consider, among other factors, "the financial resources and assets of the defendant" and the "projected earnings and other income of the defendant[.]" 18 U.S.C.A. § 3664(f)(2). Indeed, when "the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments[,]" the "restitution order may direct the defendant to make nominal periodic payments[.]" 18 U.S.C.A. § 3664 (f)(3)(B).

---

[3] *See* BOP Inmate Locator for Register No. 11159-510, Jonathan Peter Miller, available at [Inmate Locator (bop.gov)](#) (last visited May 12, 2023).

3

Section 3613(a)(3), which provides civil remedies for unpaid fines, incorporates the Consumer Credit Protection Act, and sets a 25% cap on the garnishment of weekly earnings. *See* 18 U.S.C.A. § 3613(a)(3); 15 U.S.C.A. § 1673.

    B. The Court should order Mr. Miller to make a $75 monthly payment towards restitution.

Mr. Miller objects to the clause in paragraph 7 that would require him to pay "20 percent of net income" if that amount is greater than $75 dollars a month. *See* ECF 46 Exhibit 1. The proposed language requiring Mr. Miller to pay 20% of his income, if greater than $75 a month, is just below the maximum garnishment allowed by law. *See* 18 U.S.C.A. § 3613(a)(3); 15 U.S.C.A. § 1673. However, the record demonstrates that, upon release, Mr. Miller will not be in economic circumstances that would allow him to part with such a large portion of his income. Mr. Miller will be over 50 years of age, close to 60 years old when released from custody. As a registered sex offender, with limited education and skills, Mr. Miller has previously faced obstacles finding both stable housing and maintaining employment. *See* ECF 40 at 22-23. The work he has previously found was low paying and unstable. *Id*. Mr. Miller will be more than a decade older when released from custody. It can only be expected that, when released, Mr. Miller will face the same obstacles finding housing and employment, likely worsened by his advanced age.

With this in mind, requiring Mr. Miller to pay 20% of his income, if that is greater than $75 a month, sets an unachievable goal. If the Court were to require Mr. Miller to pay 20% of his income towards restitution, and he were able to find and keep a job upon release that earns $1,000 a month, he would be required to pay $200 a

4

month in restitution. This would leave Mr. Miller with $800 a month for food, housing, and medical needs, among other costs. In effect, with restitution removed, Mr. Miller would have an annual "income" of $9,600, placing him well below the poverty line threshold, of $14,580 for a single individual in 2022. U.S. Department of Commerce Bureau of the Census, Preliminary Estimate of Weighted Average Poverty Threshold for 2022.[4]

      Given Mr. Miller's current financial resources, and given his limited prospects for future earnings, he respectfully requests that this Court order that he pay $75-per-month beginning 60 days after release, as the government's proffered restitution order proposes, but strike the clause requiring him to pay 20% of his net income if that is greater than $75 per month. Should Mr. Miller's financial circumstances materially change, he will of course alert the appropriate parties, as required by the proposed order, *see* ECF 46 at 1, and the Probation Office will be aware as well. Striking this language now does not limit the government and the victims from obtaining greater restitution payments in the future if Mr. Miller's economic circumstances change, either through amending the monthly payment, or through other avenues such as garnishment. Instead, it sets a more reasonable payment plan, with which Mr. Miller is more likely to be able to comply.

---

[4] Available at: Poverty Thresholds (census.gov) (last visited May 12, 2023).

Conclusion

For the above stated reasons, Mr. Miller respectfully requests the Court omit the percentage of income clause from paragraph 7 of the proposed restitution order. The defense understands this matter can be resolved without a hearing. However, if the Court should schedule a hearing, Mr. Miller anticipates waiving his presence.

Dated: May 15, 2023.

Respectfully Submitted,

/s/ Lauren E. S. Rosen
Lauren E. S. Rosen
VA Bar No.: 98540
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org